IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTIS D. JOHNSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-2126-L-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Otis D. Johnson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2006, petitioner was convicted of murder and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Johnson v. State*, No. 05-06-01177-CR, 2008 WL 2877697 (Tex. App.--Dallas, Jul. 28, 2008, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Johnson*, WR-73,341-01 (Tex. Crim. App. Apr. 7, 2010). Petitioner then filed this action in federal court.

II.

Petitioner raises two issues in three grounds for relief. Succinctly stated, petitioner contends that: (1) the trial court improperly admitted extraneous offense evidence; and (2) he was denied the right to a fair and meaningful review of his claims on direct appeal.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner was invited to address the limitations issue in a reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to life in prison for murder. His conviction was affirmed by the Texas court of appeals on July 28, 2008. The Texas Court of Criminal Appeals refused a petition for discretionary review on November 5, 2008. Petitioner did not seek relief in the United States Supreme Court by way of a petition for writ of certiorari. Therefore, his conviction became final on February 3, 2009 -- 90 days after the Texas Court of Criminal Appeals denied review. *See Gray v. Dretke*, Nos. 3-04-CV-2295-P & 3-04-CV-2303-P, 2005 WL 1133860 at *2 (N.D. Tex. May 10, 2005), *rec. adopted*, 2005 WL 1630030 (N.D. Tex. Jul. 7, 2005), *COA denied*, No. 05-10959 (5th Cir. Mar. 30, 2007) (state conviction becomes final for limitations purposes when 90-day deadline for seeking further relief in Supreme Court expires). Petitioner filed an application for state post-conviction relief on November 23, 2009. The application was denied on April 7, 2010. Petitioner filed this action in federal court on September 9, 2010.

The AEDPA statute of limitations started to run on February 3, 2009, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled from November 23, 2009 until April 7, 2010, a total of 136 days, while his state writ was pending. Even allowing for this tolling period, petitioner filed his federal writ 82 days after the expiration of the one-year statute of limitations. No explanation has been offered to justify this delay or to suggest that equitable tolling is appropriate. Consequently, petitioner's untimely writ must be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 15, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE