IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OTIS D. JOHNSON**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:10-CV-2126-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are the Findings and Recommendation of the United States Magistrate Judge ("Report"), filed February 16, 2010. Petitioner filed objections on March 9, 2010.

Petitioner Otis D. Johnson ("Johnson" or "Petitioner"), a Texas prisoner, was convicted of murder and sentenced to life imprisonment in 2006. On July 28, 2009, his conviction and sentence were affirmed on direct appeal. He filed an application for state post-conviction relief on November 23, 2009, and the application was denied on April 7, 2010. *Ex Parte Johnson,* WR-73, 341-1 (Tex. Crim. App. Apr. 7, 2010). Petitioner filed this action in federal court on September 9, 2010.

After reviewing the Petition and applicable law, the magistrate judge concluded that Petitioner's application should be dismissed on statute of limitations grounds. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas corpus proceedings brought under 28 U.S.C. § 2254. The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. Further, the AEDPA statute of limitations is also subject to equitable

**Order- Page 1**

tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied,* 119 S.Ct. 1474 (1999).

The magistrate judge found that the AEDPA statute of limitations started to run on February 3, 2009, when Petitioner's conviction became final. The period was tolled from November 23, 2009 until April 7, 2010, a total of 136 days, while his state writ was pending. The magistrate judge concluded that even allowing for the tolling period, Petitioner filed his federal Petition 82 days after the expiration of the one-year statute of limitations.

Petitioner filed timely objections on March 9, 2011.[*] Petitioner contends that his Petition was timely filed because he filed his original Petition in the Eastern District of Texas on June 10, 2010, but it was dismissed without prejudice because of procedural issues. *Johnson v. Director, TDCJ-CID,* No. 6:10-cv-0291, (E.D. Tex. Oct. 15, 2010). On August 13, 2010, the magistrate judge for the Eastern District of Texas issued an order striking Johnson's original Petition as overly long in violation of E.D. Tex. Local Rule CV-3. He was directed to file a conforming petition by September 13, 2010, or face dismissal. On September 23, 2010, not having received a conforming amended petition, the magistrate judge issued a Report and Recommendation, concluding that the case should be dismissed without prejudice for failure to comply with a court order. Johnson filed objections to the Report and Recommendation on October 6, 2010, contending that he did file a conforming amended petition on September 9, 2010. He averred that the Clerk filed his conforming petition under a different case number. On October 15, 2010, the District Court for the Eastern District of Texas held that the clerk inadvertently assigned a new case number to his pleading.

---

[*]Under Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts, "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last date day for filing." Given the court's past experience with delay between the time of placing the letter in the internal mailing system and the actual date the mail was postmarked, it will give Petitioner the benefit of the doubt and deem his objections as timely.

**Order- Page 2**

Further, after reviewing the conforming petition, the court held that venue was more properly found in the United States District Court for the Northern District of Texas, Dallas Division, because Johnson's conviction was obtained in this district and division. The court subsequently dismissed his original Petition without prejudice on October 15, 2010. In his objections, Petitioner contends that the procedural history of his case shows that his petition was timely filed.

In light of the issues raised in Petitioner's objections, the lingering question for the court is whether Johnson's Petition was timely under the AEDPA. Accordingly, the court **recommits** this action for consideration of the arguments raised in the objections.

**It is so ordered** this 7th day of April, 2011.

Sam A. Lindsay
United States District Judge