IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTIS D. JOHNSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2126-L-BD |
| | § | |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Otis D. Johnson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part and denied in part.

I.

A Dallas County jury convicted petitioner of murder in connection with the shooting death of Curtis Allen. Punishment was assessed at life imprisonment and a $10,000 fine. His conviction and sentence were affirmed on direct appeal. *Johnson v. State*, No. 05-06-01177-CR, 2008 WL 2877697 (Tex. App.-- Dallas, Jul. 28, 2008, pet. ref'd.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Johnson*, WR-73,341-01 (Tex. Crim. App. Apr. 7, 2010). Petitioner then filed this action in federal district court.

II.

Petitioner challenges his murder conviction in three grounds for relief. Succinctly stated, petitioner contends that: (1) he was denied due process and the right to a fair trial by the improper admission of extraneous offense evidence; (2) Texas Rule of Evidence 404(b), which permits the state to introduce evidence of other crimes, wrongs, or acts of the accused in certain circumstances, is unconstitutional; and (3) he was denied a fair and meaningful review on direct appeal of his claim involving the improper admission of extraneous offense evidence.[1]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*,

---

[1] The magistrate judge initially determined that this case was barred by the AEDPA statute of limitations. *See* Mag. J. F&R, 2/16/11. However, after petitioner objected to the recommendation, the magistrate judge elected to defer consideration of the limitations issue and consider petitioner's writ on the merits. *See* Order, 4/12/11. Respondent now concedes that the habeas petition was timely-filed. (*See* Resp. Ans. at 5).

529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *aff'd*, No. 09-70024, 2011 WL 1812764 (5th Cir. May 12, 2011). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002); *see also Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

B.

In his first ground for relief, petitioner contends that the state court improperly admitted evidence of an extraneous offense during the guilt-innocence phase of the trial. At issue is evidence that petitioner possessed and discharged a firearm just two weeks before the Allen murder. After a lengthy hearing outside the presence of the jury, (*see* SF-VII at 99-204; SF-VIII at 6-19), the trial court allowed the admission of this evidence, but instructed the jurors:

> You are instructed that if there is any testimony before you in this case regarding the defendant having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then, you may only consider the same in determining the identity of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case and for no other purpose.

(*See* SF-VIII at 19-20).[2] Anthony Jones then testified that he saw petitioner shoot a gun at a Fina gas station during the early morning hours of May 13, 2005. (*Id.* at 20-23). Jones identified petitioner as the shooter from a six-person photo lineup about a month after the incident. (*Id.* at 25, 33-34). A ballistics expert testified that a spent bullet jacket recovered from a car parked at the Fina station was fired from the same gun as a bullet jacket removed from Allen's body during his post-mortem autopsy. (*See* SF-VII at 31-32; SF-VIII at 44-45, 53-55; Ex. 47). The trial court also admitted into evidence a redacted statement signed by petitioner wherein he admitted to pointing an unloaded black firearm while at the Fina gas station a few weeks prior to his arrest for the Allen murder. (*See* SF-VIII at 41-43; Ex. 46). Now, petitioner contends that the admission of this evidence violated his right to due process and denied him a fair trial.

---

[2] A similar instruction was included in the jury charge. (*See* St. App. Tr. at 87).

1.

Texas law prohibits evidence of other crimes, wrongs, or acts to prove "the character of a person in order to show action in conformity therewith." *See* TEX. R. EVID. 404(b). However, such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" *Id.* Evidence of an extraneous offense is admissible for the purpose of proving identity only if the extraneous offense and the primary offense share sufficient "distinguishing characteristics" to mark the two offenses as the "handiwork" or "signature" of the same person. *See Martinez-Macias v. Collins*, 810 F.Supp. 782, 798 (W.D. Tex. 1991), *aff'd*, 979 F.2d 1067 (5th Cir. 1992) (citing Texas cases). The improper admission of extraneous offense evidence does not merit federal habeas relief unless the ruling constitutes a denial of fundamental fairness under the due process clause. *See Camacho v. Dretke*, No. 3-03-CV-0247-G, 2005 WL 1025985 at *7 (N.D. Tex. Apr. 29, 2005), *citing Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1768 (1999). This, in turn, requires proof that the improperly admitted evidence played "a crucial, critical, and highly significant role in the trial." *Id.* (citing cases).

2.

Here, the trial court allowed the state to offer extraneous offense evidence to prove petitioner's identity. In support of this ruling, the judge explained:

> I'm allowing Mr. Jones to testify whether or not he saw Mr. Johnson out there that day, did he have a firearm, and if he did, did he use it that night? Did he shoot? Okay? That is Mr. Jones' testimony, and distance may become an issue as far as where it comes to identification. I'm going to let the photo ID in as far as who he saw have the gun that night. Mr. Jones is not allowed to go into any facts about somebody was hurt out there that day or killed. Nothing about blood, anything like that. It is to infer someone was hurt that night.
>
> The detective will go into the voluntariness of the statement. He will not go into any fact about the offense except location where the shot

> was made and the fact that in his statement, he mentions he had a gun out there that night.
>
> And then the firearms expert will testify to the fact that she compared the evidence, 36 taken from this offense, with the evidence taken at the extraneous, which is 42. She compared it without the use of this firearm. We're not even going to mention firearm in her testimony, and that she believes in her conclusion that it was fired from the same firearm. All right?

(SF-VIII at 17). The trial judge required the state to redact petitioner's voluntary statement to remove all references to a physical altercation between petitioner and Robert Rangel at the Fina station on May 13, 2005. (*See* SF-VII at 147-49, 203-04; Ex. 46). The court also instructed the jury that they may consider this extraneous offense evidence only in determining the identity of petitioner. (*See* SF-VIII at 19-20; State App. Tr. at 87). In affirming that ruling, the state appeals court wrote:

> Here, appellant attempted to establish an alibi defense, presenting the testimony of his former girlfriend that, on the night Alan [sic] was murdered, appellant was with her at his residence. Appellant also cross-examined Harris and attempted to impeach the reliability of her identification of appellant as Allen's murderer. Appellant questioned Harris about the extent of her cocaine addiction and the quantity of alcohol and drugs she had ingested on the day of Allen's murder and immediately before the shooting. Appellant attempted to advance the theory that Harris was under the influence of drugs and alcohol at the time she gave her statement identifying appellant as Allen's murderer. The trial court admitted portions of appellant's written statement, particularly the portion which placed appellant, in possession of a handgun, at a Fina station a couple of weeks before the Allen shooting. Anthony Jones testified he saw appellant firing a gun at a Fina gas station on May 13, 2005. Although appellant's written statement referred to a 9 mm handgun, Harris heard appellant say "I fight with a .45." Thomas testified that .45 bullet jackets from a homicide committed at a Fina station on May 13, 2005 were fired by the same .45 firearm used in the Allen murder. Having reviewed the record, we cannot conclude the trial court abused its discretion in admitting evidence concerning the extraneous May 13 homicide to establish appellant's identity as Allen's murderer.

*Johnson*, 2008 WL 2877697 at *3.[3] Petitioner has failed to establish that this decision is contrary to clearly established federal law or otherwise unreasonable. Not only was there no federal constitutional violation, but the admission of this extraneous offense evidence was proper under Texas law.

C.

Petitioner also contends that Texas Rule of Evidence 404(b) is unconstitutional because it limits a defendant's ability to confront adverse witnesses without inviting the admission of prejudicial extraneous offense evidence.[4] Respondent counters that this claim is procedurally barred from federal habeas review because it was not raised on direct appeal.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *See Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *See Harris v. Reed*, 489 U.S. 255, 261-62, 109 S.Ct 1038, 1042-43, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999). Under Texas law, claims that could have been raised on direct appeal, but are presented for the first

---

[3] The court notes that the state appeals court mischaracterized the testimony of Heather Thomas, the firearms expert who compared the spent bullet jacket recovered from a car parked at the Fina station to the bullet jacket removed from Allen's body. Contrary to the opinion, Thomas never testified that a homicide was committed at the Fina station.

[4] In his reply brief, petitioner criticizes his lawyer for failing to raise this issue on direct appeal. (*See* Pet. Repl. Br. at 8-9). The court will not consider a claim raised for the first time in a reply. *See Duvall v. Dallas County*, No. 3-07-CV-0929-L, 2008 WL 4561563 at *5 (N.D. Tex. Oct. 10, 2008), *citing Spring Industries, Inc. v. American Motorists Ins.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991). Even if the court were inclined to consider this claim, it is unexhausted and procedurally barred from federal habeas review.

time on state collateral review, are procedurally defaulted. *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). The Fifth Circuit has held that "the *Gardner* rule set forth an adequate state ground capable of barring federal habeas review." *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 2059 (2006), *quoting Busby*, 359 F.3d at 719.

The state habeas court determined that petitioner's constitutional challenge to Rule 404(b) should have been raised on direct appeal. *See Ex parte Johnson*, WR-73,341-01, Supp. Tr. at 44. Although a federal court may consider a procedurally defaulted claim if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice[,]" *see Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991), petitioner makes no attempt to satisfy these requirements. As a result, this claim is procedurally barred.[5]

### D.

Finally, petitioner contends that he was denied a "meaningful review" on direct appeal of his claim involving the improper admission of extraneous offense evidence because the state appellate court considered only select testimony and relied on a legal theory that was not considered by the trial court. The plain language of the AEDPA "compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 192-93 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1463 (2002) (denying habeas claim that state appellate court improperly relied upon a factual and legal basis that the prosecution had disavowed at trial). The court is unaware of any federal constitutional principle that requires a state appellate

---

[5] Even if this claim was not procedurally barred, it is without merit. There is no clearly established Supreme Court precedent which holds that a state violates the Sixth Amendment right to confrontation, or any other federal constitutional right, by allowing the prosecution to introduce extraneous offense evidence to prove identity. *See Bugh v. Mitchell*, 329 F.3d 496, 512-13 (6th Cir.), *cert. denied*, 124 S.Ct. 345 (2003) (citing cases).

court to conduct its review in the manner suggested by petitioner. Certainly, petitioner has cited no legal authority to support such a claim. This ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. His constitutional challenge to Texas Rule of Evidence 404(b) should be dismissed as procedurally barred. Petitioner's other claims should be denied on the merits.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE