**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **OTIS D. JOHNSON,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2126-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Otis D. Johnson's Petition for Writ of Habeas Corpus, filed September 15, 2010. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on August 16, 2011. Petitioner filed objections to the Report on September 15, 2011.

Petitioner first objects that certain prejudicial extraneous offense evidence played a crucial role in his trial and he was therefore denied a fair trial, even though the trial court limited the jury's use of the evidence to determining his identity. According to Petitioner, even if relevant for purposes of his identity, the evidence should have been excluded due to its prejudicial nature. Petitioner asserts that without this evidence, there is a reasonable probability that at least one juror would have concluded that the state had not met its burden of proof and a different verdict would have resulted. This is in essence the same argument considered and rejected in the Report based on applicable law. Moreover, although Petitioner contends in his objections that his identity was not at issue, he acknowledges in his writ that "The trial judge determined that Petitioner's cross-

Order – Page 1

examination of the State's witnesses raised the issue of identity, thereby opening the door for the admission of the extraneous offense [for purposes of determining Petitioner's identity]." Petitioner's Writ 7.

Petitioner next takes issue with the Magistrate's conclusion that his constitutional challenge to Texas Rule of Evidence 404(b) is procedurally barred from federal habeas review because it was not raised on direct appeal. Petitioner acknowledges that he "never raised a constitutional claim during his direct appeal" but argues in a conclusory fashion that the state habeas court's "determination was an unreasonable application of the facts." *Id.* at 9. Additionally, Petitioner disagrees with the Magistrate's conclusion that the claim should not be considered as a procedurally defaulted claim.

The Report states that Petitioner made no attempt to demonstrate that this claim warrants consideration as a procedurally defaulted claim. Specifically, Petitioner had not demonstrated cause for any default or actual prejudice as a result of the alleged federal violation or that a fundamental miscarriage of justice will occur if the court does not consider the claim. For the first time in his objections, Petitioner asserts that cause exists for such consideration based on his lawyer's ineffective assistance of counsel in failing to raise the issue on direct appeal. Alternatively, Petitioner contends there was no rational basis for him to have previously appealed his conviction on this ground because the constitutional claim is "sufficiently novel to warrant federal review despite the failure to raise the claim on direct appeal." *Id.* at 12-13. The court disagrees that Petitioner's constitutional claim is so novel that it could not have been raised on direct appeal, and Petitioner's otherwise conclusory statements are insufficient to warrant consideration of his claim

Order – Page 2

as a procedurally defaulted claim.  *See Ross v. Estelle*, 694 F.2d 1008, 1111-12 (5th Cir. 1983) (conclusory allegations lack probative value and do not overcome procedural default).

Petitioner also objects to footnote 5 of the Report, which concludes that "Even if this [constitutional] claim was not procedurally barred, it is without merit.  There is no clearly established Supreme Court precedent [that] holds that a state violates the Sixth Amendment right to confrontation, or any other federal constitutional right, by allowing the prosecution to introduce extraneous offense evidence to prove identity."  Report 8, n.5.  Petitioner contends that under the Confrontation Clause, a defendant has the right to cross examine witnesses and present evidence, and the right to effective assistance of counsel.  There is no evidence, however, that Petitioner was deprived of any these rights as a result of the court allowing the jury to consider the extraneous offense evidence at issue solely for purposes of identity.   Additionally, Petitioner asserts that the Texas Rule of Evidence 404(b) "forces a criminal defendant to choose between either exercising [his] Sixth Amendment rights – and then be penalized for doing so by having extraneous offenses become admissible."  Petitioner's Writ 16.  Again, there is no evidence that Petitioner was "forced" to do anything; nor is there evidence that he was not provided the opportunity to participate in his defense strategy at trial.  The realization in hindsight that a particular litigation strategy was not advantageous does not make the underlying rules or laws permitting such strategy unconstitutional.

Finally, with regard to Petitioner's claim that he was denied a "meaningful review' on direct appeal, he acknowledges that he is unaware of any law that requires a state appellate court to conduct a review in the particular manner proposed by him.  He nevertheless objects that "in order for an appellate court to comport with the constitutional principles of due process and equal protection, [it] must base its determination of the issues raised before it on a fair and meaningful

evaluation of the facts set-forth in the trial record, and not, as the appellate court here did, arbitrarily select the facts that best suit the court's desires." *Id.* at 19.  Again, conclusory assertions and objections such as this are insufficient to support a claim.

Accordingly, after reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts** them as those of the court.  The court therefore **dismisses with prejudice** Petitioner's constitutional claim as procedurally barred and **denies** Petitioner's other claims on the merits.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

   **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

   **(b)   Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 16th day of November, 2011.

Sam A. Lindsay
United States District Judge